UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.     CASE NO.: 2:17-cr-48-SPC-MRM

WILLIE WILLIAMSON

## OPINION AND ORDER[1]

Before the Court is Defendant Willie Williamson's Motion for Compassionate Release (Doc. 65), along with the Government's opposition (Doc. 70). After considering the record, parties' arguments, and applicable law, the Court denies the motion.

Defendant is forty-nine years old and incarcerated at Coleman Medium FCI for drug and firearms offenses.[2] He has served about one-third of his 146-month sentence, so he has about another seven years left. (Doc. 70 at 2). But Defendant wants out now because the COVID-19 pandemic threatens his health conditions. He thus moves for immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 65). In doing so, he asks the Court to convert

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Defendant pleaded guilty to one count each of possessing with intent to distribute and distributing carfentanil (21 U.S.C. §§ 841(a)(1), (b)(1)(C)), possessing a firearm as a felon (18 U.S.C. § 922(g)(1)), and possessing a firearm in furtherance of a drug-trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). (Doc. 62).

the balance of his sentence to time served and supervised release with the special condition of home confinement. (Doc. 65 at 1).

A district court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c); *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). One circumstance is known as compassionate release, which is available "in any case" where:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3353(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must prove that a sentence reduction is warranted. *See United States v. Jackson*, No. 3:16-cr-104-J-32JRK3, 2020 WL 3962275, at *1 (M.D. Fla. July 13, 2020).

The Government concedes that Defendant has exhausted his administrative remedies. (Doc. 70 at 6-7); *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (explaining "the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule."). It also acknowledges that Defendant's obesity is an CDC-recognized COVID-19 risk factor. (Doc. 70 at 10). Even so, the Government argues against Defendant's release because he

is a danger to the community's safety and the applicable § 3553(a) factors weigh against it. (Doc. 70 at 10-12); *see also* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13(2) (requiring a court to determine a defendant "is not a danger to the safety of any other person or to the community" before reducing his sentence). The Court agrees.

Defendant sold thousands of dollars of controlled substances, including heroin and carfentanil. (Doc. 58). The latter drug is a synthetic opioid about 100 times more potent than fentanyl, which is 50 times more potent than heroin. (Doc. 70 at 11). And Defendant did not stop with deadly and addictive drugs. He sold firearms and ammunition as a five-time convicted felon. (Doc. 41; Doc. 58 at 4). The Court also cannot overlook Defendant's criminal history category of VI—the Sentencing Guidelines' most serious category. His prior adult criminal convictions span over thirty years and include drug offenses, tampering with evidence, and probation violations. (Doc. 58 at 10-17). And that's not all. If the Court released Defendant early, he would avoid almost two-thirds of his sentence. Defendant has served only 39 of his 146-month sentence. So allowing Defendant to avoid serving such a substantial part of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2). Although Defendant has made positive strides while incarcerated

(Doc. 65 at 9), the Court remains convinced that its originally imposed sentence is not greater than necessary to achieve the goals of sentencing.

Accordingly, it is now

**ORDERED:**

Defendant Willie Williamson's Motion for Compassionate Release (Doc. 65) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record