UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:17-cr-48-SPC-NPM

WILLIE WILLIAMSON
                                          /

## ORDER

Before the Court are the United States Probation Office's Memorandum (Doc. 86) and Defendant Willie Williamson's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 90). The Court imposed an 86-month sentence for two counts related to drugs and guns (counts one and two) and a 60-month consecutive sentence related to another gun charge (count three). Count three is a mandatory consecutive sentence that is not impacted by the Amendment 821A reduction. Defendant is eligible, however, for a sentence reduction as to counts one and two only under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to reduce the extra points if they meet three criteria: (1) the defendant was assessed two status points under

§ 4A1.1(d) (now § 4A1.1(e)) and would be assessed only one status point under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range. Probation's Memorandum says Defendant meets all three, and a review of the record confirms so.

The Court originally calculated Defendant's total offense level to be 21 and his criminal history category to be VI, which translated to an advisory guidelines range of 77 to 96 months as to counts one and two. The Court sentenced Defendant to the middle of his advisory guidelines range—86 months of imprisonment.

Defendant's criminal history category is V under the amended guidelines (the total offense level remains unchanged). The new criminal history category would render an advisory guidelines range of 70 to 87 months. Defendant asks that Court to reduce his sentence to 78 months of imprisonment as to counts one and two only. The Government does not oppose his request.

After considering Probation's Memorandum and the parties' recommendation against the record and applicable law, the Court will reduce Defendant's sentence by eight months under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821. The Court thus grants Defendant's Unopposed Motion.

Accordingly, it is

**ORDERED**:

1. Defendant Willie Williamson's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 90) is **GRANTED.**

2. Defendant Willie Williamson's sentence is reduced to 78 months of imprisonment as to counts one and two only or time-served, whichever is greater. Defendant's 60-month sentence as to count three continues to run consecutive to counts one and two.

3. Defendant Willie Williamson's pro se motions under Amendment 821 (Docs. 84, 85) are **DENIED as moot** in light of this Order.

**DONE and ORDERED** in Fort Myers, Florida on April 15, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record